[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
By Memorandum of Decision dated September 17, 1990, this court remanded this matter to the New Haven Zoning Board of Appeals (ZBA) to determine whether the proposed use is a special hospital or a convalescent home and a determination as to the authority under which the proposed use is allowed or disallowed. CT Page 788 By letter of October 29, 1991, the court was advised that on June 25, 1991, the ZBA by vote of 4-0 found the proposed use to be a convalescent home, which proposed use is allowed as a continuation of Special Exception No. 65-63-S, granted by the Board on May 18, 1965.
The only remaining issue is whether this determination is reasonably supported by the Record. Counsel have chosen to rely upon their initial briefs and oral arguments.
"(T)he court may grant relief on appeal only where the local authority has acted illegally or arbitrarily or has abused its discretion. (citations)" Frito-Lay Inc. v. Planning Zoning Commission, 206 Conn. 554, 573 (1988).
In the instant case the ZBA concluded that this facility is permitted as a continuation of a convalescent home use approved in 1965. The Record reasonably supports this conclusion. The Board could reasonably conclude that the intended use was for the treatment of those recovering from a medical disorder or disease, which would be permitted as a continuation of the broad convalescent home use previously granted.
Plaintiffs have failed to meet their burden to show the ZBA acted illegally or arbitrarily or in abuse of discretion.
For the reasons stated in the Memorandum of Decision and this supplement, the plaintiffs' appeal is dismissed.
SCHIMELMAN, J.